**SUPREME COURT**
**STATE OF NEW YORK     COUNTY OF ONONDAGA**

_____

TOWN OF SALINA, NEW YORK,

                                    Plaintiff,          **Summons**

                                                        Index No.

        -against-

CWP SYRACUSE I LLC,

                                    Defendant.

_____

TO THE ABOVE NAMED DEFENDANT:

        You are hereby summoned to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this summons, to serve a Notice of Appearance, on the plaintiffs' attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

                                        _____
                                        Baldwin, Sutphen & Frateschi, PLLC
                                        Joseph Frateschi, Esq.
                                        _Attorneys for Plaintiff,_
                                        126 North Salina Street, Suite 400
                                        Syracuse, New York 13202
                                        Telephone: (315) 477-0100

**SUPREME COURT**
**STATE OF NEW YORK     COUNTY OF ONONDAGA**

_____

TOWN OF SALINA, NEW YORK,

Plaintiff,

**Verified Complaint**

Index No.

-against-

CWP SYRACUSE I LLC,

Defendant.

_____

Plaintiff, Town of Salina, by and through its attorneys, Baldwin, Sutphen & Frateschi, PLLC, as and for its Verified Complaint against Defendant CWP Syracuse I LLC, alleges as follows:

**NATURE OF ACTION**

1.     This action is brought by Plaintiff Town of Salina ("Town" or "Plaintiff") to immediately halt the deliberate, hazardous and unlawful conversion of a hotel known as the Candlewood Suites ("Candlewood" or "Hotel") located at 5414 South Bay Road in the Town of Salina, County of Onondaga, State of New York (the "Property"), in violation of the Town Code (the "Code") Chapter 235 entitled Zoning.

2.     On May 5, 2023, the Mayor of New York City, the Honorable Eric Adams announced a new "program" to provide up to four (4) months of housing for individuals now in the care of New York City (the "City") in rural and residential counties in Upstate New York (the "Program").[1]

3.     Mayor Adams' Program gives no regard to local zoning, building, fire and code provisions governing the sites "selected" by the City, including sites within the County of Onondaga and the Town nor to the integrity of the site selected.

_____

[1] _Mayor Adams Announces Program to Provide Shelter Option for Asylum Seekers Already in Care in Nearby New York Counties_ https://www.nyc.gov/office-of-the-mayor/news/322-23/mayor-adams-program-provide-shelter-option-asylum-seekers-already-care-in (Last accessed May 22, 2023).

2

4.     Upon information and belief, Candlewood has been identified as one of these sites. It has ceased operating in conformance with the Code and the Certificate of Occupancy issued for this Property, and, based upon site inspections conducted by Town staff, is in the process of more fully converting fully to an illegal long-term residential facility.

5.     Defendant must therefore be restrained and enjoined from further altering the Hotel for this intended long-term residency use and accepting overflow housing from New York City until required approvals and permits are obtained for this change of use at the Property.

6.     The Town accordingly seeks from this Court an Order and Judgment: (a) declaring that Defendant's change in use of the Property to a long-term residential facility is in violation of the Code, Section 235-53(A), (b) declaring that the Defendant's change in use of the Property to a long-term residential facility is in violation of the Code, Section 235-50(A), (c) temporarily restraining and enjoining the Defendant from receipt of overflow housing from New York City until such Hotel is returned to its allowed use, (d) ordering Defendant to pay reasonable attorneys' fees, costs and disbursements of Plaintiff in bringing this action, and (e) granting the Town such further relief this Court deems just and proper.

## JURISDICTION AND VENUE

7.     This action is brought pursuant to New York State Town Law Section 135, which permits the Town Board of the Town to "maintain an action or proceeding in the name of the Town in a court of competent jurisdiction to compel compliance with or to restrain by injunction the violation of any [Town] ordinance, rule or regulation, notwithstanding that the [Town] ordinance, rule or regulation may provide a penalty or other punishment for such violation." *See* N.Y. Town Law Section 135(1); *see also* Town Law Section 268.

8.     Venue is proper in the County pursuant to New York CPLR Section 503(a) which provides for venue "in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if

3

none of the parties then resided in the state, in any county designated by the Plaintiff", because Defendant owns and operates the Hotel within the boundaries of Onondaga County and in the Town which is wholly located within the County of Onondaga.

**PARTIES**

9. At all times hereinafter mentioned, Plaintiff is and was a duly constituted municipal corporation in the State of New York having jurisdiction over the health, safety and welfare of matters within the geographical confines of the Town of Salina, New York.

10. Upon information and belief, at all relevant times herein, Defendant is a foreign limited liability company duly organized and existing under the laws of the State of New York, having a place of business at 5414 South Bay Road, North Syracuse, New York 13212.

11. Defendant owns and operates the Hotel, which lies at the Property. A copy of the Bargain and Sale Deed by which Defendant acquired an ownership interest in the Property is attached hereto as **Exhibit A**.

**FACTS COMMON TO ALL CAUSES OF ACTION**

A. **Candlewood**

12. At all relevant times herein, the Property is located in the C-3 Planned Commercial District Zone ("C-3 District"), as defined and regulated under Chapter 235 of the Code entitled Zoning. Under the Code, hotels are an allowed use in the C-3 District.

13. The Code defines a "hotel" as "a multiple dwelling containing facilities *__for temporary lodging__* and including what are commonly termed motels, motor inns, tourist homes and similar residential uses . . ." *See* Code, Section 235-2 (emphasis added).

14. At all relevant times herein, the Property has a Certificate of Occupancy authorizing the use of Candlewood as a hotel.

B. **May 18, 2023 – May 22, 2023 – The Local State of Emergency and the Phone Call**

4

15.     In anticipation of an influx of individuals entering Onondaga County pursuant to Mayor Adam's Program, on May 18, 2023, the Onondaga County Executive J. Ryan McMahon issued "Local Emergency Order" No. 1 which prohibited any hotel in Onondaga County from contracting with external municipalities for the purpose of providing housing or accommodations for migrants without a license issued by Onondaga County.

16.     On Saturday, May 20, 2023, Town Supervisor Nicholas Paro ("Supervisor Paro") received a call from a member of Mayor Adam's office, Christopher Ellis, Director of the State Legislative Affairs for the City of New York ("Director Ellis").

17.     During the call, Director Ellis identified Candlewood as a location that would house approximately 200 individuals for up to four (4) months. Director Ellis also informed Supervisor Paro that these individuals would be arriving at the Hotel on Wednesday, May 24.

18.     On May 22, 2023, the Town Board authorized the commencement of litigation to preserve the status quo.

### C.   May 22, 2023: The Town Office of Planning & Development (the "Codes Office") Site Visit and Confirmation of Changing Use

19.     On May 22, 2023, the Town's Director of Planning and Development Mark Lafaver ("Lafaver") visited Candlewood for an inspection.

20.     Upon arriving, Lafaver spoke with certain staff at the Hotel who advised that the employees were preparing for a large influx of individuals from New York City.

21.     Mr. Lafaver was also informed by certain staff at the Hotel that it was currently housing individuals, some in excess of one (1) year, and, had evicted certain tenants at the Property to make room for this large influx of individuals.

22.     Lafaver subsequently informed Hotel personnel that (i) the change in use of the Hotel to a long-term residential facility, and (ii) certain modifications underway including, but, not limited to being converted into an office for staff to manage the asylum seekers were not permitted under the

5

Code's definition of "Hotel" nor permitted by the current Certificate of Occupancy maintained for the Property.

23.      As a result, Lafaver issued an Order to Remedy Violation on May 22, 2023, advising the Hotel that it was in violation of the Code.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment – Property Used in Violation of the Code, Section 235-53A)

24.      Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "23" hereof as if fully set forth herein.

25.      At all relevant times herein, the Defendant's use of the Property is and continues to violate the Code, Section 235-53A.

26.      The Code, Section 235-53A provides, in pertinent part, that it shall be unlawful for any person, firm or corporation to "allow any building or land to be used or occupied or any building or part thereof to be . . . altered except in conformity with the regulations herein set forth for the district in which it is located."

27.      As set forth herein and in the accompanying Affidavits supplied in support, the Defendant is continuing to change the physical arrangement of the Hotel to accommodate services not ordinarily allowed by a Hotel (i.e., an office to administer governmental benefits to asylum seekers and/or migrants) and people who are staying at the Hotel on more than a "temporary" basis, which is not an allowed use within the C-3 District in which the Hotel sits.

28.      Therefore, by reason of the foregoing, the Town seeks an Order from this Court enjoining Defendant from making any further alterations to the Hotel to facilitate this violative use, and deeming this unlawful use to be an express violation of the Code.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment – Property Used in Violation of the Code, Section 235-50A)

29.      Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "28" hereof as if fully set forth herein.

6

Case 5:23-cv-00748-MAD-ATB Document 2 Filed 06/16/23 Page 7 of 25

30. At all relevant times herein, the Defendant's use of the Property is and continues to violate the Code, Section 235-50A.

31. The Code, Section 235-50A provides, in pertinent part, that no land shall be occupied and no building hereafter erected, altered or extended shall be used *or changed in use* until a certificate of occupancy shall have been issued by the Director of Planning and Development.

32. As set forth herein and in the accompanying Affidavits supplied in support, the Defendant has changed the use of the Hotel, and, is continuing to change the use of the Hotel to a use that is not allowed per its Certificate of Occupancy (i.e., a non-transient, long-term residential facility) nor has Defendant applied for an amended Certificate of Occupancy or other applicable, required municipal approvals.

33. Therefore, by reason of the foregoing, the Town seeks an Order from this Court enjoining Defendant from making any further alterations to the Hotel to facilitate this violative use, and deeming this unlawful use to be an express violation of the Code.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Temporary, Preliminary and Permanent Injunction)

34. Plaintiff repeats and realleges the allegations set forth in Paragraphs "1" through "33" hereof as if fully set forth herein.

35. For the reasons set forth herein, Defendant must be enjoined from receipt of any individuals pursuant to the Program or pursuant to any other plan of New York City to relocate a significant number of individuals to the Hotel for long-term housing.

36. In short, the Defendant must be enjoined from participating in any program that will result in violations of local zoning regulations.

37. Here, injunctive relief should be issued because (a) the Town has a likelihood of success on the merits of the actions, (b) the equities are balanced in the Town's favor in the

7

Case 5:23-cv-00748-MAD-ATB   Document 2   Filed 06/16/23   Page 8 of 25

enforcement of the Code, and (c) while unnecessary to obtain injunctive relief in this instance, irreparable harm will occur to the Town if the status quo is not maintained.

### Likelihood of Success on the Merits

38.     The Town is likely to succeed on the merits because the conversion of the Hotel into a non-permitted use without obtaining the appropriate approvals is prohibited by the Code.

39.     From the direct observations of Supervisor Paro and Lafaver, the conversion of the Hotel to the non-permitted use is already underway.

40.     It is evident that the Defendant's continued preparation for receipt of such individuals specified herein will only further commit the Defendant to a course of action that will further violate the Code.

41.     Accordingly, it is likely that the Town will succeed on the merits of enforcing its Code.

### Balancing of the Equities

42.     The balancing of the equities favors the Town.

43.     If the Defendant is enjoined, the Defendant will merely be enjoined from using the Property for an illegal use. In other words, the Defendant loses nothing.

44.     However, if the Defendant is not enjoined, the Town will be forced to deal with an influx in its resident population that was never intended for at this site, and, that the Town has not set aside adequate resources to handle.

45.     Accordingly, the balancing of equities favors the Town.

### Irreparable Harm

46.     Though the Town need not demonstrate irreparable harm in this instance, harm could very well come to the Town if the Defendant is not enjoined.

47.     If the Defendant is not enjoined, irreparable harm may very well be done to the Town as Town residents may begin to question the validity of the Town's Code.

8

48.     The Town has no other adequate remedy at law, and the Defendant has no right to change the use of the Hotel without obtaining the necessary approvals.

49.     Accordingly, this Court should issue an Order temporarily, preliminarily, and permanently restraining and enjoining Candlewood from further altering the Hotel for this intended long-term residency use and accepting overflow housing from New York City until required approvals and permits are obtained for this change of use at the Property.

**WHEREFORE,** Plaintiff respectfully requests the entry of an Order and Judgment against Defendants, as follows:

(1) On Plaintiff's First Cause of Action, declaring that Candlewood is in violation of the Code.

(2) On Plaintiff's Second Cause of Action, declaring that Candlewood is in violation of the Code

(3) On Plaintiff's Third Cause of Action, temporarily restraining and enjoining the Defendant from further alterations to the Property, and, further, temporarily restraining and enjoining the Defendant from receiving or participating in any agreement with the City of New York (or its agents) that otherwise renders the Property in non-compliance with the Code, and, further, permanently restraining and enjoining Defendant from further activities associated with receiving individuals in accordance with the Program or like programs.

(4) Directing the Defendant to pay for the reasonable attorney's fees, costs and disbursements of the Plaintiff in bringing this action; and

(5) Granting Plaintiff such further relief that this Court deems just and proper.

9

Case 5:23-cv-00748-MAD-ATB   Document 2   Filed 06/16/23   Page 10 of 25

Dated: Syracuse, New York
      May 23, 2023

Baldwin, Sutphen & Frateschi, PLLC
Joseph V. Frateschi, Esq.
*Attorneys for Plaintiff,*
126 North Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 477-0100

10

**SUPREME COURT**
**STATE OF NEW YORK    COUNTY OF ONONDAGA**

_____

TOWN OF SALINA, NEW YORK,

                              Plaintiff,        **Verification**

                                               Index No.

       -against-

CWP SYRACUSE I LLC,

                            Defendant.

_____

STATE OF NEW YORK    )
COUNTY OF ONONDAGA  ) SS.:

      Nicholas Paro, being duly sword, states that he is the Supervisor of the Town of Salina, the Plaintiff in this action, and that the foregoing Verified Complaint is true to his own knowledge, except as to matters therein stated to be alleged upon information and belief and those matters he believes them to be true.

                                      _____
                                      Nicholas Paro, Supervisor
                                      Town of Salina

Sworn to before me this 23rd
day of May, 2023

_____
Notary Public KAREN M. SMITH
Notary Public • State of New York
Appointed in Onondaga County
No. 01SM4945406
My Commission Expires June 12, 20__23

11

**Exhibit A**

**Bargain and Sale Deed**

**[Attached hereto.]**

401 Montgomery Street
Room 200
Syracuse, NY 13202
(315) 435-2229

## Onondaga County Clerk Recording Cover Sheet

**Received From :**
SIMPLIFILE

**Return To :**
SIMPLIFILE

**Method Returned :** ERECORDING

**First PARTY 1**

RSS COMM2014 CR18 NY SAS LLC

**First PARTY 2**

CWP SYRACUSE I LLC

Index Type : Land Records

Instr Number : 2022-00023993

Book : Page :

Type of Instrument : Deed
Type of Transaction : Deed Comm Or Vacant
Recording Fee: $330.50

Recording Pages : 7

The Property affected by this instrument is situated in Clay, in the County of Onondaga, New York

| Real Estate Transfer Tax | |
| --- | --- |
| RETT # : | 11876 |
| Deed Amount : | $4,868,750.00 |
| RETT Amount : | $19,476.00 |
| Total Fees : | $19,806.50 |

State of New York

County of Onondaga

I hereby certify that the within and foregoing was recorded in the Clerk's office for Onondaga County, New York

On (Recorded Date) : 06/15/2022

At (Recorded Time) : 2:56:08 PM

*Lisa Dell*

Lisa Dell, County Clerk

SECTION: 058 BLOCK: 01 LOT: 03.2 Town of Salina
SECTION: 118 BLOCK: 02 LOT: 04.0 Town of Clay

## BARGAIN AND SALE DEED WITH COVENANTS
## AGAINST GRANTOR'S ACTS

**THIS INDENTURE,** made effective as of April $\underline{29}$, 2022 between **RSS COMM2014-CR18-NY SAS, LLC,** a New York limited liability company ("**Grantor**"), whose address is c/o Rialto Capital Advisors, LLC, 200 S. Biscayne Boulevard, Suite 3550, Miami, Florida 33131, in favor of **CWP SYRACUSE I LLC,** a Delaware limited liability company ("**Grantee**"), whose address is 230 5th Avenue, New York, New York 10001:

## WITNESSETH THAT:

Grantor, for and in consideration of the sum of Ten and No/100 U.S. Dollars ($10.00), lawful money of the United States of America, and other good and valuable consideration, to it in hand paid by Grantee, at or before the unsealing and delivery of these presents, the receipt of which is hereby acknowledged, has granted, bargained, sold, aliened, remised, released, conveyed and confirmed and by these presents does grant, bargain, sell, alien, remise, release, convey and confirm unto Grantee and its successors and assigns forever, the parcel of land, situate, lying and being in the County of Onondaga, State of New York, and more particularly described on the attached **Exhibit A** (the "**Property**").

Being the same premises known as 5414 South Bay Road, North Syracuse, New York, and conveyed to Grantor by deed recorded on May 5, 2021 under Instrument No. 2021-00019433.

Subject however, only to:

(a)     Real property taxes and assessments for the year 2022 and thereafter;

(b)     Zoning and other regulatory laws and ordinances affecting the Property;

(c)     Matters which would be disclosed by an accurate survey; and

(d)     Easements, plats, rights of way, limitations, conditions, reservations, covenants, restrictions, and other matters of record.

MIAMI 8932502.1 80265/300009

**File Number: 2022-00023993  Seq: 2**

FILED: ONONDAGA COUNTY CLERK 05/23/2023 09:29 AM

NYSCEF DOC. NO. 2

INDEX NO. 005226/2023

RECEIVED NYSCEF: 05/23/2023

Page 3 of 7

Case 5:23-cv-00748-MAD-ATB Document 2 Filed 06/16/23 Page 15 of 25

**TOGETHER** with all right, title and interest, if any, of Grantor, in and to any streets and roads abutting the Property to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of Grantor in and to said Property;

**TO HAVE AND TO HOLD** the Property herein granted unto Grantee, the heirs or successors, and assigns of Grantee forever.

**AND** Grantor covenants that Grantor has not done or suffered anything whereby the Property has been encumbered in any way however, except as aforesaid.

**AND** Grantor in compliance with Section 13 of the Lien Law, covenants that Grantor will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvements and will apply the same first to the payment of the cost of the improvements before using any part of the total of the same for any other purpose.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

MIAMI 8932502.1 80265/300009

Grantor has caused these presents to be executed the day and year first above written.

Witnesses:

**RSS COMM2014-CR18-NY SAS, LLC**, a New York limited liability company

By:    Rialto Capital Advisors, LLC, a Delaware limited liability company, its manager

Signature: _Nicolas Suarez_
Print Name: _Nicolas Suarez_

By: _____
Name: ADAM SINGER
Title: Managing Director

Signature: _____
Print Name: _Noah Rojnica_

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF MIAMI-DADE    )

On ~~March~~ February **28**, 2022, before me, the undersigned, personally appeared _Adam Singer_, by means of ✓ physical presence or ___ online notarization, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Miami, the County of Miami-Dade and the State of Florida.

MATTHEW HENKEL
Notary Public-State of Florida
Commission # HH 183616
My Commission Expires
October 09, 2025

Notary Public
Print Name: _Matthew Henkel_
Serial No. (if any): _____

After recording, return to:
First American Title Insurance Company
112 E. Pecan Street, Suite 2600
San Antonio, Texas 78205
Attn: James Cardenas

MIAMI 8932502.1 80265/300009

# EXHIBIT A

## LEGAL DESCRIPTION

1 of 3

ALL that certain plot piece or parcel of land, situate, lying and being in the Town of Salina and Clay, County of Onondaga and State of New York, being part of Lot No. 3 in said Town of Salina and part of Lot No. 91 in said Town of Clay, and being more particularly described as follows:

BEGINNING at the intersection of the southerly boundary of Col. Eileen Collins Boulevard with the easterly boundary of South Bay Road;

RUNNING THENCE North 85 degrees 16 minutes 40 seconds East, along said southerly boundary of Col. Eileen Collins Boulevard, a distance of 91.92 feet to an angle point therein;

THENCE South 72 degrees 20 minutes 30 seconds East continuing along said southerly boundary of Col. Eileen Collins Boulevard, a distance of 258.00 feet to a point therein;

THENCE through said lands conveyed to Patrick M. Tucci, Et Al, the following courses and distances:

1. South 18 degrees 18 minutes 18 seconds West, 209.30 feet;

2. North 71 degrees 41 minutes 42 seconds West, 143.00 feet;

3. South 18 degrees 18 minutes 18 seconds West, 60.00 feet to point designated as Point "A" for future reference;

4. North 71 degrees 41 minutes 42 seconds West, 224.06 feet to a point in the aforementioned easterly boundary of South Bay Road;

THENCE along said easterly boundary of South Bay Road the following courses and distances:

1. North 32 degrees 40 minutes 20 seconds East, 5.97 feet;

2. North 17 degrees 44 minutes 30 seconds East, 150.00 feet;

3. North 36 degrees 27 minutes 20 seconds East, 78.57 feet to the point of BEGINNING.

MIAMI 8932502.1 80265/300009

File Number: 2022-00023993  Seq: 5

TOGETHER with the benefits and subject to the burdens of a certain easement for access recited in an easement and maintenance agreement by and between Gulf & Western Aero Development, LLC and Syracuse Airport Express, LLC dated as of 3/24/2006 and recorded 3/31/2006 in Liber 4933 of Deeds, page 927 as described as follows:

BEGINNING at a point in the easterly boundary of South Bay Road, said point being the intersection of the division line between lands conveyed to Robert F. Baldwin, Jr. and Denise J. Tucci by deed recorded in Onondaga County Clerk's Office in Book 4512 of Deeds at page 249 on the South and said lands conveyed to Patrick M. Tucci, C. Andrew Pappas, Lucien P. Ali and Robert B. Cox on the North with said easterly boundary of South Bay Road;

RUNNING THENCE North 17 degrees 44 minutes 30 seconds East along said easterly boundary of South Bay Road, a distance of 65.86 feet to a point therein;

THENCE through said lands conveyed to Patrick M. Tucci, Et Al the following courses and distances:

1. South 72 degrees 15 minutes 30 seconds East, 44.00 feet;

2. North 86 degrees 06 minutes 27 seconds East, 206.19 feet;

3. North 18 degrees 18 minutes 18 seconds East, 188.27 feet;

4. South 71 degrees 41 minutes 42 seconds East, 25.00 feet to a point "A" as referred to in the first above described parcel;

5. North 18 degrees 18 minutes 18 seconds East, 60.00 feet;

6. South 71 degrees 41 minutes 42 seconds East, 15.00 feet;

7. South 18 degrees 18 minutes 18 seconds West, 280.55 feet to a point in a southerly boundary of said lands conveyed to Patrick M. Tucci, Et Al;

THENCE South 86 degrees 06 minutes 27 seconds West along said southerly boundary, a distance of 296.21 feet to the point of BEGINNING.

SUBJECT TO AND TOGETHER with a sanitary sewer easement 20 feet in width lying 10 feet each side of the following described centerline of a proposed sanitary sewer:

BEGINNING at an existing sanitary sewer manhole, said manhole being about 235.4 feet distant easterly from said easterly boundary of South Bay Road and about 7.6 feet northerly from said southerly boundary of lands conveyed to Patrick M. Tucci, et al;

RUNNING THENCE North 26 degrees 07 minutes 35 seconds east along said centerline of a proposed sanitary sewer and its northerly prolongation a distance of 312.0 feet to a point.

SUBJECT TO AND TOGETHER with a drainage easement 20 feet in width lying 10 feet each side of the following described centerline of a proposed storm sewer:

BEGINNING AT A POINT in the easterly boundary of said South Bay Road, said point being the southwesterly corner of the first above described parcel;

RUNNING THENCE South 71 degrees 41 minutes 42 seconds East along the southerly boundary of said first described parcel, a distance 199.06 feet to a point therein;

THENCE North 56 degrees 57 minutes 38 seconds East continuing along said proposed centerline of a proposed storm sewer, a distance of 72.87 feet to a point;

THENCE South 73 degrees 08 minutes 29 seconds East continuing along said centerline of a proposed storm sewer, a distance of 122.51feet to the southeasterly corner of said first above described parcel.

TOGETHER with the benefits of those covenants and restrictions appurtenant to the land as set forth in Declaration of Covenants and Restrictions recorded in Liber 4933, Cp 939.

3 of 3

MIAMI 8932502.1 80265/300009

**File Number: 2022-00023993  Seq: 7**

**At the Supreme Court of the State of New York, held in and for the County of Onondaga, at the Courthouse located at 401 Montgomery Street, Syracuse, New York on the** 23rd**day of May, 2023**

**SUPREME COURT**
**STATE OF NEW YORK     COUNTY OF ONONDAGA**

---

TOWN OF SALINA, NEW YORK,

                           Plaintiff,

     -against-

CWP SYRACUSE I LLC

                          Defendant.

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**

Index No.  005226/2023

---

UPON READING AND FILING the application of Plaintiff and the accompanying Affidavits of Nicholas Paro and Mark Lafaver, sworn to May 23, 2023; the Attorney Affirmation of Joseph V. Frateschi, Esq., dated May 23, 2023; Memorandum of Law in Support dated May 23, 2023; and upon reading the affixed Summons and Complaint of the TOWN OF SALINA, NEW YORK, verified on May 23, 2023; together with all papers and pleading heretofore had herein;

LET DEFENDANT ABOVE NAMED OR OTHER ATTORNEYS SHOW CAUSE BEFORE THIS COURT AT an ___Motion___ Part of this Court before the Hon. ___Robert E. Antonacci II___, Justice of the Supreme Court, to be held in and for the County of Onondaga, 401 Montgomery Street, Syracuse, New York, on ___May 31___, 2023 at ___11:00 a.m.___, or as soon thereafter as counsel can be heard, why an Order should not be entered, pursuant to the provisions of the Civil Practice Law and Rules and the Town Code of the Town of Salina, New York:

1. Restraining and enjoining Defendant, along with its trustees, officers, employees, servants, agents, attorneys, affiliates, and all other persons acting on Defendant's behalf, from further modification, alteration, or change, either directly or indirectly, at, on, or within the property located at 5414 South Bay Road, Town of Salina, County of Onondaga, State of New York, and as otherwise referenced in the Complaint, unless and until such time as appropriate applications are filed with the Town of Salina Office of Planning and Development, appropriate inspections are conducted, requisite land use approvals obtained, and continued activity is approved by the Town of Salina and any other required governmental authority;

2. Using or operating the subject property referenced in the Complaint as a long-term residential facility for migrants/asylum seekers, at, on, or within the subject property as otherwise referenced in the Complaint unless and until such use is approved by the Town of Salina and any other required governmental authority.

3. Using the subject property referenced in the Complaint in violation of the Town Code of the Town of Salina, New York, resulting from an influx of migrants/asylum seekers without housing from the City of New York or any other municipality unless and until expressly permitted under local laws of the Town of Salina.

4. Together with such other and further relief as this Court may deem just and proper; and it is further

ORDERED, ADJUDGED AND DECREED that Defendant, along with its trustees, officers, employees, servants, agents, attorneys, affiliates and all other persons acting on Defendant's behalf, is hereby restrained and otherwise enjoined, either directly or indirectly from:

1. Further modification, alteration, or change, either directly or indirectly, at, on, or within the property located at 5414 South Bay Road, Town of Salina, County of Onondaga, State of New York, and as otherwise referenced in the Complaint, unless and until such time as appropriate applications are filed with the Town of Salina Office of Planning and

2

Development, appropriate inspections are conducted, requisite land use approvals obtained, and continued activity is approved by the Town of Salina and any other required governmental authority;

2.  Using or operating the subject property referenced in the Complaint as a long-term residential facility for migrants/asylum seekers, at, on, or within the subject property as otherwise referenced in the Complaint unless and until such use is approved by the Town of Salina and any other required governmental authority.

3.  Using the subject property referenced in the Complaint in violation of the Town Code of the Town of Salina, New York, resulting from an influx of migrants/asylum seekers without housing from the City of New York or any other municipality unless and until expressly permitted under local laws of the Town of Salina, and it is further

ORDERED that service of a copy of this Order to Show Cause, together with the papers on upon which it was made, be made by

(1) by delivering a copy of the same to a person of suitable age and discretion at 5414 South Bay Road in the Town of Salina, County of Onondaga and State of New York on or before May 26, 2023;

(2) by mailing a copy of the same to the Defendant by USPS Priority Mail with Tracking to the following addresses on or before May 24, 2023:

(a) CWP Syracuse I, LLC, c/o David Kaye, 230 5th Avenue, New York, NY 10001;

(b) CWP Syracuse I, LLC, 198 Ocean Avenue, Woodmere, NY 11598;

(c) CWP Syracuse I, LLC, c/o R. Joseph Noble, Esq., Williams Mullen Center, 200 South 10th Street, Suite 1600, Richmond, VA 23219, and

(3) by serving a copy of the same upon the New York State Department of State on or before May 24, 2023, and it is further

3

ORDERED that answering papers, if any, are to be served upon counsel for the

Plaintiff no later than May 30, 2023 and reply papers, if any, are to be served upon counsel for the

Defendant no later than May 31, 2023 at 9:00 a.m., and it is further

ORDERED that the personal appearance of counsel is required on the return date.

Dated: May 23, 2023

ENTER,

_____
Hon. Robert E. Antonacci II, J.S.C.



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOSHUA P. RUBIN**
Senior Counsel
Affirmative Litigation
Phone: 212-356-2269
Fax: 212-356-2038
email: jrubin@law.nyc.gov

June 8, 2023

**VIA NYSCEF AND E-MAIL**

Hon. Robert E. Antonacci II
Supreme Court of the State of New York
401 Montgomery Street
Syracuse, New York 13202
kbeeman@nycourts.gov

Re:   **In the Matter of the Application of the County of Onondaga, et al v. The City of New York, et al, Index No. 005214/2023 ("Action 1"); Town of Salina v. CWP Syracuse I LLC, Index No. 005226/2023 ("Action 2").**

Dear Justice Antonacci,

We are counsel to Respondent-Defendant the City of New York and related parties ("City Respondents") in the above-referenced actions. I write with consent of all parties to both actions to request an adjustment of the briefing schedule in advance of the appearance date on the pending motions. The parties understand that the existing Temporary Restraining Orders shall continue pending argument on both motions and that briefing in each case shall follow the same schedule.

Accordingly, the parties request that the Court approve the following schedule for both cases:

- Opposition papers by Respondents-Defendants shall be filed on or before June 14, 2023;

- Reply papers by Petitioners-Plaintiffs and the Town shall be filed on or before June 21, 2023; and

- Oral argument on both cases shall take place as currently scheduled on June 26, 2023.

Case 5:23-cv-00748-MAD-ATB   Document 2   Filed 06/16/23   Page 25 of 25

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Josh P. Rubin
Joshua P. Rubin
Senior Counsel, Affirmative Litigation

SO ORDERED.

_____
Hon. Robert E. Antonacci II, J.S.C.
Dated: June 9, 2023

2