**HARRIS BEACH**
ATTORNEYS AT LAW

February 21, 2024

333 WEST WASHINGTON STREET
SUITE 200
SYRACUSE, NEW YORK 13202
315.423.7100

**VIA CM/ECF**

**DAVID M. CAPRIOTTI**
DIRECT:   315.214.2038
FAX:       315.422.9331
DCAPRIOTTI@HARRISBEACH.COM

Hon. Mae A. D'Agostino
United State District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

RE:   *Town of Salina, New York v. CWP Syracuse I LLC*,
No. 5:23-cv-00748-MAD-MJK

Dear Judge D'Agostino:

Please consider this a response to the Text Order dated February 7, 2024 wherein the Court required the parties to file a letter brief explaining whether the Court should dismiss or stay this action (the "*Salina* Action") under the first-filed rule due to pending case *Palisades Estates EOM, LLC et al. v. County of Rockland, New York et al.*, 7:23-CV-04215 (S.D.N.Y.) (the "*Palisades* Action"), or whether the Court can issue a decision on the pending motion to remand despite that rule.

The Town of Salina ("Salina") respectfully submits that the Court must first render a decision on the pending motion to remand because that is a jurisdictional question. If the Court lacks removal jurisdiction, the Court does not have the authority to render a decision with regard to the first-filed rule. Alternatively, even if there was not a pending motion to remand, the Court could not dismiss or stay this action based on the first-filed rule because the *Salina* Action was actually filed first, i.e., before the amended complaint in the *Palisades* Action that added Salina and CWP Syracuse I LLC ("CWP Syracuse") as parties. Alternatively, even if the first-filed rule did apply, the Salina Action fits within an exception thereto and this action should not be stayed or dismissed.

### Jurisdictional Issues, Such as Remand, Must Be Decided First

The first-filed rule is typically asserted by defendants as grounds for a motion to dismiss an action based on a similar prior filed action. *See Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 239 (E.D.N.Y. 2012). It is black letter law, however, that when there is a pending motion to remand, it must be decided before any other matter, including motions to dismiss. This makes sense given that, if a court does not have subject matter jurisdiction to hear a case, then that court does not have the power to decide whether the first-filed rule applies.

Courts from every corner of the Second Circuit have routinely held that a motion for remand takes priority over a motion to dismiss:

- *Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 439 (S.D.N.Y. 2022) ("Because the removal statute only allows removal of actions within the Court's original jurisdiction, and because fundamental principles of American jurisprudence forbid the Court from acting in the absence of subject matter jurisdiction, plaintiffs' motion to remand must be examined before any other matter.")

- *Cty. of Nassau v. New York*, 724 F. Supp. 2d 295, 300 (E.D.N.Y. 2010) ("The Court will address plaintiff's remand before addressing defendants' motions because the remand motion challenges the Court's jurisdiction to hear this case. If the Court does not have jurisdiction, it does not have power to decide the defendants' motions.")

- *Collins v. Flynn*, No. 08CV59S, 2008 U.S. Dist. LEXIS 109877, at *5 (W.D.N.Y. July 21, 2008) ("Before considering the defendants' motion to dismiss (or the motion to transfer venue), the Court must first resolve the plaintiffs' motion to remand to determine whether this Court has subject matter jurisdiction in this case.")

- *Glatzer v. Bear Stearns & Co.*, 201 F. App'x 98, 98 (2d Cir. 2006) ("The district court erred by denying Glatzer's motion to remand and therefore should not have reached defendants' motion to dismiss.").

Because there is a pending motion to remand, it must be decided before this Court could render a decision based on the first-filed rule.

### The First-Filed Rule Does Not Apply Here

Alternatively, the case should not be dismissed or stayed based on the first-filed rule because the relevant complaint in the *Palisades* Action was not filed first. To be sure, the *Palisades* Original Complaint[1] was filed on May 22, 2023, which just barely predates the May 23, 2023 filing of *Salina* Complaint. However, Salina and CWP Syracuse were not parties to the *Palisades* Original Complaint. *Palisades* Action (ECF No. 32). They were not added to the case until the filing of the *Palisades* Second Amended Complaint on July 13, 2023, *id.* (ECF No. 200), which significantly postdates the filing of the *Salina* Complaint. It also bears mention that Salina and CWP Syracuse were not added to the *Palisades* Action until <u>after</u> Salina filed the motion to remand pending before this Court on July 11, 2013. *Id.*; *Salina Action* (ECF No. 22).

---

[1] In the *Palisades* Action, the plaintiffs filed a Complaint and First Amended Complaint on the same day. *Palisades* Action, ECF Nos. 1, 32. For purposes of this letter brief, the term "*Palisades* Original Complaint" will refer to the First Amended Complaint and the term *Palisades* Second Amended Complaint" will refer to the Second Amended Complaint in the *Palisades* Action.

Hon. Mae A. D'Agostino
February 21, 2024
Page 3

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

Because the *Salina* Action was filed before Salina and CWP Syracuse were added to the *Palisades* Action, the only way the first-filed rule could even apply is if the Second Amended Complaint in the SDNY Action relates back to the date the Original Complaint was filed. *See Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 195 (S.D.N.Y. 2000). Pursuant to Federal Rule of Civil Procedure 15(c), an "amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

First, the Second Amended Complaint in the *Palisades* Action does not assert a claim against Salina that "arose out of the conduct, transaction, or occurrence set out" in the Original Complaint. There are no facts alleged in the Original Complaint that relate to the Town of Salina or CWP Syracuse. To be sure, the Original Complaint references New York City's plan to house migrants in various counties in New York and attaches, (without specifically discussing) an Executive Order issued by Onondaga County. But there are no allegations relating to the Candlewood Suites Hotel in Salina, nor are there any allegations relating to Salina's legitimate concerns regarding the violation of local zoning laws.

Second, Salina did not "[know] or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Salina is a municipality and is located within the bounds of Onondaga County, a named defendant. There was no case of mistaken identity that resulted in Salina and CWP Syracuse being omitted from the *Palisades* Original Complaint. The plaintiffs in the *Palisades* Action were presumably aware of the *Salina* Complaint for almost two months before amending the *Palisades* Original Complaint to include CWP and Salina.

Hon. Mae A. D'Agostino  
February 21, 2024  
Page 4



Because the *Palisades* Second Amended Complaint in the SDNY Action does not relate back to the *Palisades* Original Complaint, the *Salina* Action was filed first and the first-filed rule does not apply.

### **This Case Falls Within an Exception to the First-Filed Rule**

Even if this Court were to address the first-filed rule before the motion to remand and even if the Court that the *Salina* Action was not filed first, a motion to dismiss should still be denied because this matter fits within an exception to the first-filed rule. "[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat. Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (alterations omitted).

With regard to the "balance of convenience" exception, courts consider the "ties between the litigation and the forum of the first-filed action." The factors considered are "essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)," and they include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Emplrs. Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internation citations omitted).

Here, the *Salina* Action was filed first, so resort to an exception to the first-filed rule is not necessary. But even if the *Palisades* Second Amended Complaint were deemed filed first, the "balance of convenience" exception would apply. The Candlewood Suites hotel at issue and Salina are located in Onondaga County, and as such, the convenience of the witness, the location of relevant documents and sources of proof, the convenience of the parties, and the locus of operative facts all weigh in favor of the *Salina* Action remaining in Onondaga County. Further, with regard to the relative means of the parties, Salina is the steward of taxpayer dollars and is subject to a strict budget. Forcing Salina to litigate this matter in the *Palisades* Action in the Southern District of New York would force Salina to incur additional legal expenses.

\*\*\*

Hon. Mae A. D'Agostino
February 21, 2024
Page 5



      Accordingly, Salina respectfully submits that the Court should rule on the motion to remand before it could address a potential motion to dismiss or stay based on the first-filed rule.

      Very truly yours,

      HARRIS BEACH PLLC

      David M. Capriotti