# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806    pryorcashman.com

**Todd E. Soloway**
Partner
Direct Tel: 212-326-0252
TSoloway@pryorcashman.com

February 21, 2024

**VIA ECF**
Hon. Mae A. D'Agostino
United States District Court, Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

      Re:    *Town of Salina, New York v. CWP Syracuse I LLC*,
             Index No. 5:23-cv-00748-MAD-MJK

Dear Judge D'Agostino:

      We are attorneys for Defendant CWP Syracuse I LLC (the "Hotel") and are in receipt of the Court's Order dated February 7, 2024 (ECF Doc. No. 36), requiring the parties to file a letter brief "explaining whether the Court should dismiss or stay this action under the first-filed rule because of pending litigation in *Palisades Estates EOM, LLC et al. v. County of Rockland, New York et al.*, 7:23-CV-04215 (S.D.N.Y.), or whether the Court can issue a decision on the pending motion to remand despite that rule."

      As set forth below, the Court should neither dismiss or stay the action under the first-filed rule nor issue a decision on the pending motion to remand. Instead, the Court should stay this case pending the outcome of *Palisades Estates EOM, LLC, et al. v. County of Rockland, New York, et al.*, Index No. 7:23-cv-04215-NSR (S.D.N.Y.) (Román, J.) ("*Palisades*").

    **A.**  **The Court Should Not Apply The First-Filed Rule**

      "[W]here lawsuits concerning the same parties and issues are pending in two federal districts, the first-filed rule . . . generally affords priority to the first-filed suit when courts choose which suit to permit to go forward." *Adirondack Transit Lines, Inc. v. Greyhound Lines, Inc.*, 2016 WL 5415772, at *2 (N.D.N.Y. Sept. 28, 2016) (ellipsis in original). However, the application of the first-filed rule is discretionary when cases are filed around the same time. *See Elbex Video, Ltd. v. Tecton, Ltd.*, c, at *3 (S.D.N.Y. Nov. 15, 2000) ("[W]hen the filing date difference between two parallel actions is de minimus [*sic*], the Court has the discretion to disregard the first-filed doctrine altogether"); *Symbol Techs., Inc. v. Data Gen. Corp.*, 1996 WL 339996, at *1 (S.D.N.Y. June 20, 1996) ("[W]here the cases are filed merely days apart, the first-filed rule is usually disregarded"); *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 748 (S.D.N.Y. 1977) (holding "no judicial inefficiency or duplication of efforts will result" from disregarding the first-filed rule where the cases were filed six days apart); *Illinois Union Ins. Co. v. NRG Energy, Inc.*,



2010 WL 5187749, at *1-3 (S.D.N.Y. Dec. 6, 2010) (recognizing that the first-filed rule is not determinative where competing actions were filed 11 days apart).

Here, the plaintiffs in *Palisades* filed that action on May 22, 2023, while the Town filed this case one day later on May 23, 2023. Because of the de minimis difference between the dates of filing, the Court should disregard the first-filed rule.

## B. The Court Should Stay The Case Pending The Outcome Of *Palisades*

The Court should stay this action pending the outcome of *Palisades*. Both the Hotel and the Town of Salina (the "Town") are parties to the *Palisades* case, and the result of that litigation will greatly impact, if not resolve completely, any determination in this action. In *Palisades*, the Hotel and 12 other plaintiffs assert eight causes of action against numerous state actors alleging that the defendants, including the Town, through State Action have implemented an unconstitutional and discriminatory scheme to prevent the plaintiffs, including the Hotel, from providing temporary public accommodations in plaintiffs' hotels to migrants and asylum seekers. Should the *Palisades* court find that the Town's pretextual enforcement of its zoning laws is unconstitutional, the Town's claims in this action – that the Hotel violated Salina's Town Code – would necessarily be dismissed. Accordingly, the Court should stay this action pending a determination in *Palisades* that could directly affect the outcome of this litigation.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hoover v. HSBC Mort. Corp. (USA)*, 2014 WL 12781322, at *2 (N.D.N.Y. July 9, 2014) (D'Agostino, J.), quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). A district court "has authority to stay proceedings pending disposition of another case that could affect the outcome." *Hoover*, 2014 WL 12781322, at *2; *Ball v. Baker*, 2022 WL 17808785, at *2 (S.D.N.Y. Dec. 19, 2022) (a district court "has the discretion to grant a stay when a similar action is pending in another court") (internal quotations omitted). "The power to stay proceedings can be exercised *sua sponte*." *Rovio Entm't Corp. v. Ace Air Art Inflatable Decorations Store*, 2023 WL 144914, at *1 (S.D.N.Y. Jan. 10, 2023).

"[C]laims in parallel proceedings need not 'track' each other exactly to justify a stay." *Bahl v. New York College of Osteopathic Med. of New York Inst. of Tech.*, 2018 WL 4861390, at *3 (E.D.N.Y. Sept. 28, 2018). Instead, "[w]here claims arise from the same 'nucleus of facts' or there exists 'significant overlap,' courts have found that a stay is warranted." *Id.* A stay may be granted while "awaiting the outcome of proceedings which bear upon the case." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 305 (S.D.N.Y. 2009) (internal quotation omitted).

When deciding whether to stay a pending federal action, courts in the Second Circuit examine five factors:



> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Hoover*, 2014 WL 12781322, at *2 (collecting authority); *Bahl*, 2018 WL 4861390, at *3 (these factors are applied to stay federal actions "either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law"). Here, the factors favor a stay.

The interests of the parties are best served by a stay: the Town will not suffer prejudice because there is a temporary restraining order in place preventing the Hotel's accommodation of migrants and asylum seekers. Nor are any migrants and asylum seekers currently residing at the Hotel. Other than receiving a declaration from this Court that the Hotel purportedly violated the Town's zoning laws, the Town has nothing further to gain or lose while this case is stayed. Meanwhile, the Hotel will benefit from a stay because it will not be required to defend itself from claims that may be found to be predicated upon pretextual and unconstitutional conduct. *See Bahl*, 2018 WL 4861390, at *3 (staying case based in part upon finding that resolution of an Indiana federal court litigation would "have a direct impact on the instant action" where a ruling by the Indiana court that one defendant "did not discriminate against Plaintiff would directly impact the claim that [another defendant] condoned such discrimination"); *Ball*, 2022 WL 17808785, at *6 (resolution of another pending action against the defendant-entity would "substantially simplify the instant case"). Accordingly, the interests of the parties favor a stay.

The interests of the courts, the interests of non-parties, and the public interest likewise all favor a stay. *See Hoover*, 2014 WL 12781322, at *2-3 (analyzing all three factors together). In *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295 (S.D.N.Y. 2009) (*Catskill*), cited *supra*, the district court stayed multiple actions pending the resolution of numerous other cases consolidated in the Eleventh Circuit, where the consolidated actions related to the same dispute over the United States Environmental Protection Agency's issuance of certain rules. In finding that the interests of the courts were best served by a stay, the *Catskill* court reasoned that a stay "promot[ed] judicial efficiency and minimiz[ed] the possibility of conflicts between different courts." *Catskill*, 630 F. Supp. 2d at 304 (internal quotation omitted). The *Catskill* court further recognized that, although rulings in the consolidated cases would "not necessarily be binding on this Court, resolution of th[ose cases may] guide this Court in ruling on . . . key issues in this litigation." *Id.* at 304-05 (internal quotation omitted; brackets and ellipsis in original). The guidance from another court was especially important "given that the legality of the [EPA's rule] had not yet been the subject of a ruling by a federal court" and the other court's review of the EPA's rule would be "instructive as to the underlying merits of the instant actions." *Id*. at 305 (internal quotation omitted in the first parenthetical). *See also Goldstein v. Time Warner New York City Cable Group*, 3 F.Supp.2d 423, 438-39 (S.D.N.Y. 1998) (staying action pending D.C. Circuit's ruling on an issue substantially related to one before the court and recognizing that the ruling "should guide this Court in ruling" on that issue).



February 21, 2024
Page 4

Similarly here, staying this action is in the interests of the courts, non-parties, and the public. A stay would promote judicial efficiency and minimize the possibility of conflicts between different courts: this Court would need not determine whether or not the Hotel violated Salina's Town Code while litigation simultaneously proceeds that could reach the conclusion that the Town's claims are predicated upon pretextual and unconstitutional conduct. Moreover, assuming arguendo that this Court found that the Hotel violated Salina's Town Code, which it did not, but the *Palisades* court later found that Salina's enforcement of the Town Code was pretextual and unconstitutional, the two courts would in that instance have issued conflicting rulings. In addition, a finding in *Palisades* that the Town acted unconstitutionally in enforcing its zoning laws would guide and instruct this Court on the key issues and merits of this litigation. The final three factors therefore all favor a stay.

For all of those reasons, the Court should issue an order staying this action pending the outcome of *Palisades*.

Thank you for Your Honor's attention and consideration.

> Respectfully submitted,
>
>    */s/ Todd E. Soloway*
> Todd E. Soloway

cc: All counsel via ECF