**HARRIS BEACH MURTHA**
ATTORNEYS AT LAW

July 3, 2025

333 West Washington Street
Suite 200
Syracuse, New York 13202
315.423.7100

**VIA ECF**

**Brendan M. Palfreyman**
Member
Direct:  (315).214.2161
Fax:       315.422.9331
bpalfreyman@harrisbeachmurtha.com

Hon. Mae. D'Agostino
United States District Court
Northern District of New York
James T. Foly U.S. Courthouse
445 Broadway
Albany, NY 12207

      RE:    *Town of Salina v. CWP Syracuse I LLC*, **No. 5:23-cv-00748-MAD-MJK**

Dear Judge D'Agostino:

    We represent Plaintiff Town of Salina ("Salina") in the above-referenced action. By Text Order dated June 5, 2025 (ECF No. 41), the Court ordered the parties to submit a further status report.

    On May 5, 2025, the court in *Palisades Estates EOM, LLC v. County of Rockland*, No. 7:23-cv-04215 (S.D.N.Y.) issued a decision in response to motions to transfer and to dismiss. More specifically, and as germane to this action, Judge Román severed the claims against Salina and transferred them as a separate action to the Northern District of New York. Since the issuance of this decision, the parties have attempted – albeit unsuccessfully – to settle this action.

    Defendant CWP Syracuse I LLC ("CWP") requested that the Town of Salina agree to discontinue this action. Salina declined this request because it has valid declaratory judgment claims against CWP relating to its violation of local zoning codes. As background, Salina filed the underlying complaint in state court seeking, in pertinent part, declaratory judgment that CWP was in violation of Salina's zoning code. *See* Compl. ¶¶ 24-33 (ECF No. 2). CWP then removed the case to this Court, asserting federal jurisdiction based on the allegation that Salina used its zoning laws as a pretext for civil rights violations. *See* Notice of Removal (ECF No. 1-1). Salina then moved to remand because no questions of federal law are implicated by what is purely an issue of local zoning law. *See* Pl.'s Mem. of Law (ECF No. 22).

    While the portion of Salina's complaint seeking an injunction is moot, the causes of action for declaratory judgment are decidedly not. In the first cause of action, Salina seeks declaratory judgment that CWP violated Section 235-53A of the Salina's zoning code. This section provides that it is unlawful to allow any building to be altered except in conformity with the regulations set forth in the code. CWP altered the physical arrangement of the hotel at issue to accommodate services not ordinarily provided by a hotel and to accommodate people staying on a more than temporary basis, which is not permitted in the zoning district where the hotel is located. Compl. ¶¶ 24-28. In the second cause of action, Salina seeks declaratory judgment that CWP violated Section 235-50A of the zoning code. This section provides, in pertinent part, that no building shall be changed in use without applying for an amended certificate of occupancy. CWP changed the

Hon. Mae. D'Agostino
July 3, 2025
Page 2

use of the hotel at issue to a non-transient, long-term residential facility without applying for an amended certificate of occupancy. *Id.* ¶¶ 29-33.

In sum, CWP violated local zoning codes and Salina filed an action seeking declaratory judgment regarding the same. In so doing, Salina adequately pled claims upon which relief can be granted. These violations remain violations regardless of whether, as CWP states, New York City ceased its program to provide temporary accommodations to refugees in upstate counties. If CWP wishes to move to dismiss after the motion to remand is decided, that is their prerogative. But, as the plaintiff, Salina is under no obligation to agree to a discontinuance when it has viable declaratory judgment claims awaiting resolution. The question of mootness, if any, should be decided by the state court.

Additionally, pursuant to 28 U.S.C. § 1447, Salina moved for an award of its attorneys' fees in connection its motion for remand. See Pl.'s Mem. of Law at 13-14 (ECF No. 22-1). This request still needs to be adjudicated.

As such, Salina respectfully requests that the Court proceed to rule on Salina's pending motion for remand.

Sincerely,

*/s/ Brendan M. Palfreyman*
Brendan M. Palfreyman, Esq.